IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER ANTON IRELAND,<br><br>Petitioner<br><br>vs.<br><br>Judge DONNA JO McDANIEL; Warden RUSTIN;<br>M. BROOKS; ATTORNEY GENERAL OF THE<br>STATE OF PENNSYLVANIA; and THE<br>DISTRICT ATTORNEY OF THE COUNTY OF<br>ALLEGHENY;<br><br>Respondents | Civil Action No. 07-1017<br><br>Chief Judge Donetta W. Ambrose<br>Magistrate Judge Amy Reynolds Hay |

## REPORT AND RECOMMENDATION

RECOMMENDATION

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as moot.

REPORT

Christopher Anton Ireland has filed a habeas petition seeking release on bail pursuant to the Superior Court's order directing the Common Pleas Court to release Petitioner on bond. According to the Petition, the Superior Court issued an order on May 30, 2007, ordering that Petitioner be granted bail.  As of July 13, 2007, Petitioner had not yet been released on bail and so he filed in the Superior Court an emergency petition to enforce the Superior Court's earlier order of May 30, 2007.  Dkt. 1 at 5, ¶ 11(c).  On July 13, 2007, the Petitioner then executed the present habeas petition.  Dkt. [1] at 15.

By way of relief, Petitioner requests "immediate release on bond (nominal) that Pa. Superior Court granted May 30, 2007." Dkt. [1] at 15.

**Applicable Legal Principles**

Rule 4 of the Rules governing Section 2254 habeas cases provides in relevant part that:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto."  Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records, dockets and/or opinions, a federal habeas court may take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records.  See, e.g., United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . .").  Because Rule 4 also applies to petitions brought pursuant to 28 U.S.C. § 2241, it is not necessary for this court to decide whether this petition is properly brought as a Section 2254 petition or as a Section 2241 petition.[1]

---

[1] See Rule 1(b) of the Rules Governing Section 2254 Cases, which provides in relevant part that "[t]he district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."  See also Perez v. Hemingway, 157 F.Supp.2d 790, 796 (E.D. Mich. 2001)("Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241.  Howard v. Haley, 2001 WL 303534, * 1

Accordingly, in deciding this petition, this court takes judicial notice of the docket of the Court of Common Pleas of Allegheny county in the case of Commonwealth v. Christopher Anton Ireleand, No. CP-02-CR-0003420-2003.[2] That docket reveals that as of August 8, 2007, bail was set for Petitioner and bail was posted for Petitioner and accordingly, Petitioner has already obtained what he sought, i.e., to be released on bail.

**Discussion**

Where a party has obtained all the relief sought by the time a court comes to rule on a request for relief, the case becomes moot and should be dismissed. Lowe v. Duckworth, 663 F.2d 42, 43 (7th Cir. 1981)("When all the relief sought has been obtained, there no longer exists a live controversy, and the case must be dismissed as moot."). Accord Lowary v. Lexington Local Bd. of Educ., 854 F.2d 131, 133 (6th Cir. 1988)("If a party has already obtained all the relief sought on appeal, the case is moot and must be dismissed.") (citing DeFunis v. Odegaard, 416 U.S. 312, 316-17 (1974)); Althridge v. Quiggs, 852 F.2d 621, 624 (D.C. Cir. 1988)("It seems

---

(S.D.Ala. March 8, 2001); Howard v. Certain Unnamed Aircraft Pilots, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995).  Because the petition is facially insufficient, it will be dismissed."). Accord United States v. Recinos- Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4);  Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001)("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . .").

[2] That docket is available at:

http://ujsportal.pacourts.us/PublicReporting/PublicReporting.aspx?rt=1&&ct=4&dkt=79753948&arch=0&ST=10/2/2007%209:55:49%20AM

clear that Athridge has obtained all the relief he is entitled to demand, and accordingly that his case is now moot.").

By means of the instant habeas petition, Petitioner has sought to gain release on bail. Petitioner has already obtained release on bail.[3] Accordingly, it appears that Petitioner has obtained all the relief that he sought to obtain by virtue of this habeas petition. Hence, it appears that this petition is moot and should be dismissed as such.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of the objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Respectfully submitted,

/s/  *Amy Reynolds Hay*
United States Magistrate Judge

Dated: 9 October, 2007

cc:     Hon. Donetta W. Ambrose
        Chief United States District Judge

        Christopher Anton Ireland
        28097
        Allegheny County Jail
        950 Second Avenue
        Pittsburgh, PA 15219-3100

---

[3] The court notes that now that Petitioner has apparently been released from the Allegheny County Jail he may have lost interest in the present habeas petition because he has not provided the court with a change of address and the court suspects that this rule to show cause will be returned to the Court as undeliverable.